PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARY ELIZABETH JONES, | ) | CASE NO. 5:25CV1233 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| HONORABLE BECKY L. DOHERTY, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | [Resolving ECF Nos. 3, 4, 5] |
| Defendant. | ) | |

*Pro se* Plaintiff Mary Elizabeth Jones has filed a fee-paid Complaint in this case under 42 U.S.C. § 1983 seeking declaratory and injunctive relief against Portage County Court of Common Pleas Judge Becky Doherty. (ECF No. 1). Plaintiff purports that Judge Doherty's issuance of an order staying the case pending an arbitration in a separate state case, *Mary Elizabeth Jones v. John Russell*, 2022 CV 00584 (Portage Cty. Ct. of Comm. Pls.), violates Ohio Civ. Rule 62(B), and fails to comply with the decision rendered in *Jones v. Russell*, 2024 WL 2132541, at *8 (Ohio App. 11 Dist., 2024). *See* ECF No. 1 at Page ID #: 3, ¶ 7. Plaintiff moves the Court to declare that Judge Doherty's conduct violates her rights, and compel Judge Doherty to comply with the May 13, 2024 decision of the Ohio Court of Appeals.

Plaintiff also moves for permission to file electronically (ECF No. 3); for a preliminary injunctive (ECF. No. 4); and for service by the U.S. Marshals Service or, in the alternative, by email. (ECF No. 5). For the reasons below, the Court denies the motions, and dismisses the action for lack of subject-matter jurisdiction.

1

(5:25CV1233)

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (emphasis in original, citation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). Additionally, a district court may dismiss any complaint *sua sponte*, even a fee-paid *pro se* complaint, for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (determining that district court properly dismissed a *pro se* civil rights action against a United States Senator, Supreme Court Chief Justice, and other government officials for lack of subject-matter jurisdiction when claims were implausible).

Because the Court does not have the authority to review Judge Doherty's rulings, or to compel Judge Doherty to take any action in the performance of her judicial duties, allowing Plaintiff to amend the complaint would not cure its deficiencies. Plaintiff's claims are implausible because federal courts "are not appellate courts over the state court system" and "have no general power to direct state courts and their judicial officers in the performance of their duties." *Lathan v. Goulding*, No. 3:16-cv-01519, 2018 WL 3222594, at *2 (N.D. Ohio July 2, 2018) (citing *Seyka v. Corrigan*, 46 Fed.Appx. 260, 261 (6th Cir. 2002)); *see also Haggard v. State of Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970) (concluding that "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties"). "[E]ven constitutional claims which are inextricably intertwined with state court's decisions are not reviewable." *Woods v. Weaver*, 13 Fed. Appx. 304, 306, 2001 WL 700806, at *1 (6th Cir. 2001) (explaining that "a federal plaintiff's claim is inextricably

2

(5:25CV1233)

intertwined with the state court's decision if the federal claim can succeed only to the extent that the state court wrongly decided the issues before it, and the federal action raises a "specific grievance" to the state court's actions or application of the law, rather than a "general challenge" to the constitutionality of the state law."). And to the extent that state proceedings are ongoing, "basic considerations of comity" require federal courts to "abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding." *Lathan*, 2018 WL 3222594, at *2 (citing *Younger v. Harris*, 401 U.S. 37, 41 (1971)).

**Conclusion**

For the reasons above, the Court lacks subject-matter jurisdiction over Plaintiff's claims. In the alternative, Plaintiff has failed to present claims for which relief can be granted and permitting Plaintiff to amend her complaint will not cure its deficiencies. Therefore, the Complaint is dismissed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 July 18, 2025  /s/   Benita Y. Pearson
Date  Benita Y. Pearson
  United States District Judge

3